UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

     Plaintiff,

    v.                           ORDER
                                    Criminal No. 09-37(MJD/AJB)

Thomas Allen Boldt,

     Defendant.

_____

The above-entitled matter comes before the Court upon Defendant's

objection to the Report and Recommendation of United States Magistrate

Judge Arthur J. Boylan dated May 1, 2009.  Specifically, Defendant argues

that the Magistrate erred in recommending that the evidence obtained as a

result of the search and seizure leading to the discovery of the punch gun

and shotgun shell was legal, that the bullets found in the Defendant's back

pocket on December 1, 2008 were legally seized and that the statements

made by Defendant to the arresting officer on December 1, 2008 were

voluntary.

The government also filed an objection to the Report and

Recommendation with regard to certain factual findings.  Specifically, the

Report and Recommendation includes a finding that Defendant was observed with an object on his lap. (RR p. 2.) Officer Freiermuth testified however, that he initially saw the weapon on the Defendant's lap, but that the Defendant grabbed it during the shuffle that ensued after the Officer shined his flashlight into the car. (T. p. 17.) The Report and Recommendation also includes a finding that Officer Sweeney removed the Defendant from the vehicle, handcuffed him and then observed the round of ammunition in the punch gun on the floor of the vehicle. (RR p. 3.) Officer Sweeney testified, however, that he removed the Defendant from the vehicle and before handcuffing him, "saw the primary [sic] end of a shotgun round sticking out of that orange tube . . . And I recognized it as a live shotgun shell." (T. p. 41-42.)

In response to the government's objections, the Defendant notes that for the sake of clarity, Officer Freiermuth testified that initially he did not know what the object on the Defendant's lap was. As to the government's second objection, the Defendant does not dispute that Officer Sweeney's testimony was correctly cited.

The Court thus recognizes the clarification of the testimony as pointed out by both the government and the Defendant, and adopts these findings together with the remaining factual findings included in the Report and Recommendation.

Taking into consideration the noted clarifications in the factual findings, the Court finds, after having conducted a <u>de novo</u> review of the record, that the Defendant's motions to suppress must be denied. Accordingly, the Court will adopt the Report and Recommendation dated May 1, 2009, as clarified above, as the evidence establishes that the vehicle search and seizure that took place on September 11, 2008 was lawful. The evidence further establishes the pat down search, and the evidence seized as a result of that search, of the Defendant at the Rainbow Foods store on December 1, 2008 was lawful and the statements made by the Defendant to an off-duty officer/store security person were voluntary.

IT IS HEREBY ORDERED that:

1.     Defendant's Motion to Suppress Evidence Obtained as a Result of a Search and Seizure [Doc. No. 23] is DENIED;

2.      Defendant's Motion to Suppress Statements, Admissions and

Answers [Doc. No. 24] is DENIED.


Date: June 9, 2009

                                        s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court