UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

                            **MEMORANDUM OPINION AND ORDER**
v.                                    Crim. No. 09-37 (MJD)

Thomas Boldt,

      Defendant/Petitioner.

_____

      Lisa D. Kirkpatrick, Assistant United States Attorney, Counsel for Respondent.

      Sarah R. Weinman, Assistant Federal Defender, Counsel for Petitioner.

_____

      This matter is before the Court upon Petitioner's motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 69)

**I.**       **Background**

      On June 29, 2009, Petitioner pleaded guilty to Count 3 of the Indictment which charged Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On November 3, 2009, Petitioner was sentenced under the Armed Career Criminal Act ("ACCA") to 180 months in prison and five years

1

supervised release based on the Court's finding Petitioner had more than three qualifying prior convictions for violent felonies.   Petitioner's sentence was affirmed on appeal.   United States v. Boldt, 409 Fed. Appx. 59 (8th Cir. 2011).

## II.   Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."   28 U.S.C. § 2255(a).   Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).   It is not intended to be a substitute for appeal or to relitigate matters decided on appeal.   See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.   A movant may not raise constitutional issues for the first time on

collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

**III.  Analysis**

Petitioner asks the Court to vacate his sentence as he no longer qualifies as an armed career criminal under the ACCA.  Petitioner further asserts that his petition is timely, because his claim of actual innocence under the ACCA acts as a gateway to overcome the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act.  McQuiggin v. Perkins, 569 U.S. 383 (2013).  The government does not dispute that should the Court find that Petitioner's sentence under the ACCA is unlawful, then his claim of actual innocence excuses both his procedural default and his untimeliness.  The government does oppose the motion on the merits.  As set forth below, the Court finds that Petitioner's sentence under the ACCA is unlawful, therefore his petition is timely.

Prior to the instant offense, Petitioner had the following prior convictions: 1987 Third-Degree Burglary; 1987 Third-Degree Burglary; 1992 Third-Degree Burglary; 1992 Escape; 1994 Third-Degree Burglary; 1997 Second-Degree Burglary (two counts); 1997 Second-Degree Burglary and 1997 Third-Degree Burglary.

3

(PSR ¶ 24.)

The parties agree that Petitioner's two 1987 burglary convictions are predicate violent felonies.   (Doc. No. 69 at 10.)   The parties further agree that his conviction for escape no longer qualifies as a predicate violent felony under the ACCA.   (Doc. No. 70 at 4.)   The parties do not agree, however, as to whether any of his remaining burglary convictions qualify as predicate violent felonies under the ACCA.

Minnesota amended its burglary statute in 1988, adding that one could be convicted of burglary when one "enters a building without consent and steals or commits a felony or gross misdemeanor while in the building."   This Court has previously held that Minnesota's post 1988 burglary statute is broader than generic burglary because the added language "does not require the intent to commit a crime while unlawfully remaining in a building or structure."   United States v. Raymond, __ F. Supp.3d __, 2020 WL 2769268 at * 6 (D. Minn. May 28, 2020); see also United States v. Bugh, __ F. Supp.3d __, 2020 WL 2320141 (D. Minn. May 11, 2020) (finding that generic burglary requires a perpetrator intend to commit a crime and that Minnesota's burglary statute does not).   For the

reasons set forth in Raymond, the Court finds that Petitioner's post-1988 burglary convictions do not qualify as predicate violent felonies under the ACCA. With only two predicate convictions, Petitioner is not an armed career criminal under the ACCA and is not subject to an enhanced sentence under § 924(e).

Because he is not an armed career criminal, pursuant to 18 U.S.C. § 924(a)(2), the statutory maximum sentence for the crime of conviction in this case, a violation of § 922(g)(1), is ten years. At this time, Petitioner has served more than ten years in prison. Because the Court is able to make an informed decision as to resentencing on the record before it, Petitioner's request for a resentencing hearing is denied.

When imposing sentence, the Court must take into the consideration the factors set forth in 18 U.S.C. § 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

In this case, the Court concludes that a sentence of one hundred-twenty months is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in § 3553(a).   Such a sentence reflects the nature and circumstances of the offense as well as the history and characteristics of Petitioner.  A sentence of one hundred-twenty months also reflects the seriousness of the offense of conviction and promotes respect for the law.   Such a sentence will also provide adequate deterrence to criminal conduct and it will protect the public from further crimes.   Finally, a sentence of one hundred-twenty months avoids unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

   **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 69] is **GRANTED**;

2. Judgment in the criminal case is **AMENDED** as follows: Petitioner's sentence is hereby reduced to a term of one hundred-twenty (120) months imprisonment, followed by three (3) years of supervised release;

3. As a condition of supervised release, Petitioner shall reside in a residential reentry center for a period of ninety (90) days; and

4. All other terms and conditions of this Court's original sentence shall remain in full force and effect.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:   September 9, 2020         s/ Michael J. Davis
                                  Michael J. Davis
                                  United States District Court